704 So.2d 605 (1997)
Harold J. SCHULTZ, Jr., Appellant,
v.
TAMPA ELECTRIC COMPANY, Appellee.
No. 96-03045.
District Court of Appeal of Florida, Second District.
October 17, 1997.
William J. Cook, Gregory J. Blackburn, Chris A. Barker, Jonathan L. Alpert of Alpert, Barker & Calcutt, P.A., Tampa, for Appellant.
Thomas M. Gonzalez and Charles J. Thomas of Thompson, Sizemore & Gonzalez, P.A., Tampa, for Appellee.
Jeffrey R. Edwards of Law Offices of Jeffrey R. Edwards, Tampa, for Amicus Curiae, Sierra Club, Inc., Florida Chapter.
WHATLEY, Judge.
Harold J. Schultz, Jr., appeals the order dismissing his second amended complaint with prejudice for failure to state a cause of action under the whistle blower act. §§ 448.101-105, Fla.Stat. (1995). We affirm.
The whistle blower act is an exception to the at-will employment doctrine that allows an employee to contest retaliatory action by an employer under specified circumstances. The heart of the whistle blower act is section 448.102, and it provides as follows:
An employer may not take retaliatory personnel action against an employee because the employee has
(1) Disclosed, or threatened to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the employer that is in violation of a law, rule, or regulation. However, this subsection does not apply unless the employee has, in writing, brought the activity, *606 policy, or practice to the attention of a supervisor or the employer and has afforded the employer a reasonable opportunity to correct the activity, policy, or practice.
(2) Provided information to, or testified before, any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an alleged violation of a law, rule or regulation by the employer.
(3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.
Schultz filed this action against Tampa Electric Company (TECO) alleging that he had been wrongfully discharged from his employment as Senior Energy Coordinator for Conservation Programs as a result of the views he expressed in a memorandum dated June 19, 1995, to TECO. TECO moved to dismiss for failure to state a cause of action on the ground that Schultz failed to identify in his memorandum the violation by TECO of any law, rule, or regulation. After a hearing, the trial court entered an order granting TECO'S motion to dismiss with prejudice.
In the order, the trial court noted that it was required to construe the whistle blower act liberally because it is a remedial statute. Applying a liberal construction, the trial court found that Schultz's second amended complaint sufficiently alleged that Schultz voiced his objections to TECO and threatened to disclose what Schultz viewed as offending practices. The trial court further found, however, that the complaint did not allege a violation by TECO of any law, rule, or regulation. Thus, the trial court concluded that the second amended complaint did not state a cause of action under the whistle blower act and dismissed it with prejudice.
The trial court's findings are correct. In his memorandum, Schultz set forth what he termed his concerns regarding the actual effectiveness of TECO's many conservation plans and programs. He stated that he hoped that by bringing the issues to TECO's attention, TECO could take the necessary measures to clarify its conservation programs to its customers and the Public Service Commission (PSC). Schultz concluded by stating that if the PSC were aware of the areas of concern he had expressed, it "would have substantial reason to question what we are doing with conservation. The PSC would need to be notified of certain of the conservation issues addressed above if the Company is unable to resolve them." None of these statements by Schultz are sufficient to state a cause of action under the whistle blower act. Schultz's disagreement with what he perceives to be TECO's lack of effort with regard to its conservation plans and programs does not disclose an activity, policy, or practice of TECO that violates a law, rule, or regulation.
Accordingly, we affirm the order dismissing Schultz's second amended complaint with prejudice for failure to state a cause of action under the whistle blower act.
Affirmed.
ALTERNBERND, A.C.J., and BLUE, J., concur.