723 So.2d 933 (1999)
Dr. Aysar Philip SUSSAN, Appellant,
v.
NOVA SOUTHEASTERN UNIVERSITY, Appellee.
No. 98-1978.
District Court of Appeal of Florida, Fourth District.
January 20, 1999.
John F. Phillips, Fort Lauderdale, for appellant.
Justin M. Senior of Panza, Maurer, Maynard & Neel, P.A., Fort Lauderdale, for appellee.
STEVENSON, J.
Dr. Aysar Sussan appeals an order dismissing his complaint for failure to state a cause of action under the Private Whistle Blower Act. We affirm.
Sussan, a former testing specialist at Nova Southeastern University, informed his supervisor that other employees were stealing funds from the testing center. When the supervisor failed to investigate the allegations, Sussan reported the matter to the Acting Dean. Subsequently, a representative of the University notified Sussan that the University investigated his allegation but determined that there was no evidence of intentional stealing or embezzlement from the testing center. Shortly thereafter, Sussan wrote a letter to the Acting Dean claiming his supervisor had begun harassing and discrediting him because he had exposed the supervisor's failure to investigate the alleged theft. Nova terminated Sussan three months later for insubordination, and Sussan sued the University seeking protection under section 448.102(3), Florida Statutes (1997), of the Private Whistle Blower Act.
Section 448.102, provides:
An employer may not take any retaliatory personnel action against an employee because the employee has:
. . . . .
(3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.
Sussan argues that pursuant to Martin County v. Edenfield, 609 So.2d 27 (Fla.1992), which addresses section 112.3187, Florida Statutes (1989), the Public Whistle Blower Act, he is entitled to protection under the Private Whistle Blower Act for objecting to the alleged stealing by his fellow employees from the testing center. Sussan's reliance upon Edenfield is misplaced because even though the facts in this case and Edenfield are similar in that both he and Edenfield *934 were terminated after reporting illegal conduct by their fellow employees, the activity proscribed by the Private and Public Whistle Blower Acts differs significantly. Section 112.3187(2), specifically provides that the legislature intended that the Public Whistle Blower Act protect an employee who "discloses information to an appropriate agency alleging improper use of governmental office, gross waste of funds, or any other abuse or neglect of duty on the part of ... [an] employee." (emphasis added). Comparatively, the plain and unambiguous terms of the Private Whistle Blower Act state that an employee has protection under the Act for objecting to unlawful acts of his employer. Sussan's complaint did not allege that he was terminated for objecting to illegal activity of either the University or anyone acting within the legitimate scope of their employment or that the University ratified the illegal conduct of its employees.
Accordingly, we affirm the trial court's determination that Sussan failed to state a cause of action under the Private Whistle Blower Act.
AFFIRMED.
DELL, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.