770 So.2d 752 (2000)
Deborah TAYLOR, Appellant,
v.
MEMORIAL HEALTH SYSTEMS, INC., etc., Appellee.
No. 5D99-1954.
District Court of Appeal of Florida, Fifth District.
November 17, 2000.
*753 Frederick C. Morello, Andrew C. Gust, and Azim F. Saju of Frederick C. Morello, P.A., Daytona Beach, for Appellant.
Charles D. Hood, Jr. and K. Judith Lane of Smith, Hood, Perkins, Loucks, Stout & Orfinger, P.A., Daytona Beach, for Appellee.
PETERSON, J.
Deborah Taylor appeals the summary judgment dismissing her Whistle Blower's action against her former employer, Memorial Health Systems, Inc. (Memorial).
In summary, Taylor alleges that Memorial retaliated against her when she threatened to and then finally complained to the Department of Professional Regulation (DPR) about alleged illegal activities by one of Memorial's staff physicians. More specifically, Taylor complained verbally and in writing to various persons on Memorial's administrative staff, including her direct supervisor, that a staff physician was conducting physical examinations of female patients in an inappropriate manner and without following Memorial's procedure of having a third person present during the examination. She ultimately filed a formal complaint with the DPR. Taylor claims that the retaliation included first her suspension, then transfer from her emergency room duties, followed by an imposition of a probationary period and insufficient hours of work available in the new department to maintain her part-time status and retirement benefits.
Memorial responds that Taylor's suspension and transfer were appropriate because she is a "gossip," discloses confidential information, and employees in the emergency room did not wish to work with her.
Our review of the pleadings and numerous depositions considered in granting the summary judgment indicate that sufficient issues of fact remain to be resolved precluding the granting of a summary judgment at this stage of the pleadings.
The statutory basis for Taylor's complaint was sections 448.102(1) and (3), Florida Statutes (1995), commonly known as the "Whistle Blower's Act." In order to be protected under the statute, Taylor *754 must demonstrate that she (1) disclosed or threatened to disclose to the DPR under oath and in writing (2) an "activity, policy, or practice" of Memorial (3) that is in violation of a law, rule, or regulation, (4) that Memorial retaliated against her because of the disclosure or threat to disclose, and (5) that she gave written notice to Memorial of its activity, policy, or practice, (6) thereby giving Memorial reasonable opportunity to correct the activity, policy, or practice. We find Taylor has made a prima facie case supporting her contentions and that these facts are contested by Memorial, requiring resolution by a trier of fact.
In the instant case, Taylor reported in writing to the DPR, a Memorial staff physician's alleged practice of fondling female patients during physical examinations. This alleged practice may be in violation of sections 458.331(1)(j) and 458.359, Florida Statutes (1995), which forbids sexual misconduct in the practice of medicine. Additionally, section 395.0193 mandates that (1) hospitals establish peer review systems to monitor and discipline physicians, and (2) establish procedures and policies to protect patients and deal with patient complaints. In the instant case, a patient's complaint may have been ignored. Section 395.0197 requires that a risk management department be established to protect patients and deal with their complaints. One of the duties of the committee and the risk management department is to investigate and report any allegation of sexual misconduct to the hospital administrator. Finally, it appears that a policy of Memorial required a third person to be present when female patients are examined. The allegation was made that the staff physician ignored this policy and the record includes depositions of female patients who were examined with only the physician present.
Whether Taylor suffered from retaliatory personnel action is a genuine issue of material fact which is in dispute. The statute defines "retaliatory personnel action" as "the discharge, suspension, or demotion by an employer of an employee or any other adverse employment action taken by an employer against an employee in the terms and conditions of employment." Fla. Stat. § 448.105(1) (1995). The trier of fact could reasonably infer that Memorial's reasons for suspension and transfer were pretextual in light of the depositions available to the trial court at the summary judgment hearing.
The trier of fact could also find that Taylor gave Memorial notice of its activity, policy, or practice. The issue to be determined by the trier of fact is whether these notices were sufficient to give Memorial a reasonable opportunity to correct the problem. Although Taylor never explicitly stated that she was giving Memorial notice of its law violations, this could be inferred from Taylor's communications. Indeed, the trial court found Taylor's letters sufficiently placed Memorial on notice, but then concluded that Memorial did not have adequate opportunity to correct the problem.
The record also raises a valid question regarding the adequacy of Memorial's opportunity to correct the problem. Memorial first became aware of the problem with the staff physician in the 1980's and was again made aware in 1994. In 1995, an incident report was generated about still another episode involving the physician. Between August and December 1995, another patient complained to various hospital staff about what had happened to her. These historical events together with Taylor's communications would appear to have given Memorial adequate opportunity to correct the problem and require resolution by trial not summary judgment.
We vacate the summary judgment and remand for further proceedings.
SUMMARY JUDGMENT VACATED; REMANDED
THOMPSON, C.J. and W. SHARP, J., concur.