[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 18, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12419
Non-Argument Calendar

_____

D. C. Docket No. 05-00536-CV-T-27MAP

LEOLA RUTLEDGE,
a.k.a.  Miki,

　　　　　　　　　　　　　　　　　　　　Plaintiff-Appellant,

versus

SUNTRUST BANK,

　　　　　　　　　　　　　　　　　　　　Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 18, 2008)**

Before DUBINA, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Leola Rutledge, a former employee of SunTrust Bank ("SunTrust"), appeals *pro se* the district court's grant of summary judgment in favor of SunTrust on her retaliation employment claim based on violation of Florida's Whistleblower Act, Fla. Stat. §§ 448.101-448-105. Rutledge contends that she was constructively discharged or suffered adverse employment actions and conditions after she refused to participate in conduct which violated banking regulations and SunTrust policies.

"We review a district court order granting summary judgment *de novo*, and view all of the facts in the record in the light most favorable to the non-moving party, and draw all inferences in her favor." *Frederick v Sprint/United Mgt. Co.*, 246 F.3d 1305, 1311 (11th Cir. 2001). We liberally construe *pro se* pleadings and briefs. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Further, we may affirm a district court's judgment on any legal ground, regardless of the grounds relied upon by the district court. *Cuddeback v. Fla. Bd. of Educ.*, 381 F.3d 1230, 1235-36 (11th Cir. 2004).

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Generally, a party

moving for summary judgment has the burden of showing there is no genuine issue of fact. *Eberhardt v. Waters*, 901 F.2d 1578, 1580 (11th Cir. 1990). The party opposing a motion for summary judgment may not rest upon mere allegations or denials of her pleadings, but must set forth specific facts showing a genuine issue for trial. *Id.*

In *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 950-51 (11th Cir. 2000), we held that the summary judgment analysis for a Title VII retaliation claim should be applied to a claim of retaliatory discharge under the Florida Whistleblower Act. When considering a motion for summary judgment based on Title VII which involves circumstantial evidence, we analyze the case using the shifting framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817 (1973). Under *McDonnell Douglas*, the plaintiff bears the initial burden of presenting sufficient evidence to allow a reasonable jury to determine that he has satisfied the elements of his *prima facie* case. 411 U.S. at 802, 93 S. Ct. at 1824. If a *prima facie* case is established, the burden shifts to the defendant to articulate a legitimate reason for the employment action. *Id.* If articulated, the plaintiff must show that the defendant's reason was pretextual. *Id.* at 802-03, 93 S. Ct. at 1824-25.

The employer's articulated reason is legitimate as long as it is honestly and

3

reasonably held.  *Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466, 1470 (11th Cir. 1991).  A plaintiff's conclusory allegations, without more, are insufficient to show pretext.  *Mayfield v. Patterson Pump Co.*, 101 F.3d 1371, 1376 (11th Cir.1996).

The Florida Whistleblower Act provides, in pertinent part:

An employer may not take any retaliatory personnel action against an employee because the employee has:

(3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.

Fla. Stat. § 448.102.  The legislative purpose is to "protect private employees who report or refuse to assist employers who violate laws enacted to protect the public." *Jenkins v. Golf Channel*, 714 So. 2d 558, 563 (Fla. Dist. Ct. App. 1998).  In order to raise a successful claim of retaliatory discharge under the Florida Whistleblower Act, a claimant should show that:  (1) she engaged in statutorily protected expression, (2) she suffered a materially adverse action of a type that would dissuade a reasonable employee from engaging in statutorily protected activity, and (3) there was some causal relation between the events.  *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001); *Burlington Northern. & Santa Fe Ry. Co. v. White*, 548 U.S.___, 126 S. Ct. 2405, 2414-15 (2006) (announcing "materially adverse" element for Title VII claims); *Meeks v. Computer Assocs. Int'l*, 15 F.3d 1013, 1021 (11th Cir.1994) (setting forth *prima facie* test *pre-*

4

*Burlington Northern*).

For purposes of appeal, the parties do not dispute that Rutledge engaged in statutorily protected expression. However, the parties disagree as to whether Rutledge established the materially adverse prong. With regard to the materially adverse prong of the *prima facie* case, the Supreme Court has characterized the anti-retaliation provision as protecting an individual not from all retaliation, but from retaliation that produces injury or harm. *Burlington Northern*, 548 U.S. at ___, 126 S. Ct. at 2414. The acts must be material and significant and not trivial. *Id.* ___, 126 S. Ct. at 2415. The plaintiff must show that a reasonable employee would have found the challenged action materially adverse enough to dissuade a reasonable worker from making or supporting a charge of discrimination. *Id.* (quotations omitted).

In the context of constructive discharge, we have held that a plaintiff must show that an employer imposed conditions that were so intolerable that a reasonable person would be compelled to resign. *Fitz v. Pugmire Lincoln-Mercury, Inc.*, 348 F.3d 974, 977-78 (11th Cir. 2003) (holding that a withdrawal of a reprimand, an offer to transfer to another managerial role, two posted cartoons, suspicions of an unsubstantiated plot to terminate the plaintiff's employment, and unsubstantiated allegation of unequal pay did not show

constructive discharge).

The record demonstrates that Rutledge failed to show a *prima facie* case under the Florida Whistleblower Act because she did not demonstrate a material adverse action. Moreover, she did not establish that SunTrust's proffered reasons for its actions were pretextual. Accordingly, we affirm the district court's grant of summary judgment.

**AFFIRMED**.