Deborah PINDER, Plaintiff,

v.

BAHAMASAIR HOLDINGS LIMITED, INC., a foreign corporation, Defendant.

Case No. 08–CV–22548.

United States District Court, S.D. Florida, Miami Division.

Oct. 9, 2009.

Matthew S. Sarelson, Sarelson Law Firm, P.A., Michael Adam Shafir, Broad and Cassel, Miami, FL, for Plaintiff.

Stuart Arthur Goldstein, Blanca Rosa Sordo, Martinez & Sordo, P.A., Miami, FL, for Defendants.

### ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before the Court upon cross motions for summary judgment on liability (DE # 33 & 42), which were referred to Magistrate Judge Ted E. Bandstra. Judge Bandstra issued a Report and Recommendation (DE # 63) recommending that Plaintiff's Motion for Summary Judgment be denied and Defendant's Motion for Summary Judgment be

granted. However, after careful consideration and a *de novo* review, the Court rejects Judge Bandstra's recommendation. For the reasons detailed below, the Court determines that Plaintiff's Motion should be **GRANTED** and Defendant's Motion should be **DENIED**.

## I. Factual Background

Plaintiff Deborah Pinder has been an employee of Defendant Bahamasair for approximately 25 years. On April 15, 2008, Plaintiff observed another Bahamasair employee commit a violation of federal airline regulations. The next day, she sent a letter (entitled "Incident Report of APIS Breach") to the Bahamasair Miami Station manager, detailing the events that she witnessed. She simultaneously sent a copy to John Devine, a Transportation Safety Administration (TSA) officer. The letter stated the following: Plaintiff observed Bahamasair Manager Ms. Sharon Jones process a passenger by the name of Randolph McClain for Bahamasair flight # 230. Ms. Jones allowed Mr. McClain to board the plane without an e-ticket, under a false name, and without entering McClain's information into the flight's manifest. This was a violation of federal airline regulations, including the Airline Passenger Information System (APIS). After realizing that the violation had occurred, after the flight departed another Bahamasair employee entered the computer system, deleted the false name, and replaced it with McClain's name.

On May 13, 2008, Plaintiff was informed that she was being fired because she sent a copy of the letter to TSA. Thereafter, she commenced this action under the Florida Whistleblower Act ("FWA or the Act"), and the case was removed to this Court on September 15,2008.

## II. Summary Judgment Standard

Summary judgment is appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the record as a whole could not lead a rational fact-finder to find for the nonmoving party, there is no genuine issue of fact for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

The moving party bears the burden of pointing to the part of the record that shows the absence of a genuine issue of material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir.1997). Once the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548; *see also Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477 (11th Cir.1991) (holding that, to meet its burden, the nonmoving party must "come forward with significant, probative evidence demonstrating the existence of a triable issue of fact.").

On a motion for summary judgment, the court must view the evidence and resolve all inferences in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). However, a mere scintilla of evidence in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment. *See id.* at 252, 106 S.Ct. 2505. If the evidence offered by the nonmoving party is merely colorable or is not significantly probative, summary judgment is proper. *See id.* at 249–50, 106 S.Ct. 2505.

## III. Analysis

█ The dispute in this case surrounds subsection 3 of the FWA, which provides: "An employer may not take any retaliatory personnel action against an employee because the employee has: ... (3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation." Fla. Stat. § 448.102(3). The FWA was enacted "to protect private employees who report or refuse to assist employers who violate laws enacted to protect the public," *Golf Channel v. Jenkins,* 752 So.2d 561, 562 (Fla.2000), and is "to be construed liberally in favor of granting access to the remedy." *Molenda v. Hoechst Celanese Corp.,* 60 F.Supp.2d 1294, 1299 (S.D.Fla.1999); *Schultz v. Tampa Elec. Co.,* 704 So.2d 605, 606 (Fla. 2d DCA 1997) (courts are "required to construe the whistle blower act liberally because it is a remedial statute.").

█ Although there are few Florida cases construing the FWA, the Eleventh Circuit has held that "the summary judgment analysis for a Title VII retaliation claim should be applied to a claim for retaliatory discharge under the Florida Whistleblower Act." *Rutledge v. SunTrust Bank,* 262 Fed.Appx. 956, 958 (11th Cir. 2008) (citations omitted), Thus, to establish a prima facie case under the FWA, the plaintiff must show that (1) that there was a statutorily protected expression; (2) that an adverse employment action occurred; and (3) that there was a causal link between the participation and the adverse employment action. *See Padron v. BellSouth Telecomms., Inc.,* 196 F.Supp.2d 1250, 1256 (S.D.Fla.2002), *aff'd at* 62 Fed. Appx. 317 (11th Cir.2003). Defendant has conceded that the second and third prongs are satisfied—that is, Defendant admits that Plaintiff was fired because she reported the violation to TSA. However, Defendant disputes that Plaintiff engaged in statutorily protected expression.

█ To show that she engaged in a statutorily protected activity under the FWA, Plaintiff must show that she "objected to or refused to participate in (i) an illegal activity, policy, or practice of an employer, (ii) illegal activity of anyone acting within the legitimate scope of their employment, or (iii) illegal activity of an employee that has been ratified by the employer." *McIntyre v. Delhaize Am., Inc.,* 2009 WL 1039557, *3 (M.D.Fla.2009) (citing *Sussan v. Nova Se. Univ.,* 723 So.2d 933, 934 (Fla. 4th DCA 1999)).

█ Defendant makes two arguments for why Plaintiff's letter was not statutorily protected expression. The first argument is that Plaintiff's letter did not constitute an "objection" to a Bahamasair policy or practice. The Court fully agrees with Judge Bandstra's opinion that, consistent with the Court's mandate of liberal construction in favor of granting a remedy, *Molenda,* 60 F.Supp.2d at 1299, Plaintiff's letter did in fact constitute an "objection" within the meaning of the statute. *See Padron,* 196 F.Supp.2d at 1255–56 ("The signing and sending of [a] letter detailing legal abuses by [Defendant] satisfies this first prong."). Therefore, no further discussion is required on that point.

█ Defendant's second argument is that Plaintiff did not complain of an illegal action by an "employer," but rather only complained of an illegal action by an employee. Judge Bandstra agreed with Defendant on this point; however, the Court: disagrees. To construe the actions in this case as not those of an "employer" would be an overly restrictive reading of the statute. The purpose of the FWA is not only to protect employees from unlawful termination, but to encourage employers to abide by the various regulations that

govern them. This is especially important when those regulations are designed to protect the public during air travel. A corporation can only act through its employees, and accordingly an employer can only violate regulations through the actions of its employees. To say that the actions of Ms. Jones, the Bahamasair manager who allowed a passenger to board under a false name, were not the actions of Bahamasair would contravene the intent of the statute to protect workers and ensure compliance with safety regulations. Under Defendant's theory, an employee could never, without fear of retaliation, report any regulatory violation by any other employee unless it was committed by a senior corporate executive. Aside from the fact that it is unclear just how high up the corporate ladder such an executive would have to be to qualify as; an "employer," there is no indication that the FWA was designed only to protect against violations that come directly from the top. Rather, a more logical reading of the statute is that it was intended to encourage the reporting from within of violations by any employee within the company. Furthermore, it is undisputed that Bahamasair actually violated TSA regulations on the date referenced in Plaintiff's letter and also on numerous other occasions[1] (DE # 33–2. pp. 100–103; DE # 33–3, p. 30–34). Defendant could not and did not argue that it should not be fined by the TSA for those violations because they were not committed by Bahamasair, but rather by one of Bahamasair's employees. Hence, Defendant has acknowledged that it (Bahamasair, not its employee) violated the TSA

regulation, and therefore by implication Plaintiff was complaining about a violation committed by Bahamasair itself. Defendant cannot avoid the requirements of the FWA by shifting the blame for its unlawful acts to its employees.

The case of *Taylor v. Mem'l Health Systems*, 770 So.2d 752 (Fla. 5th DCA 2000) supports this conclusion. In *Taylor*, the plaintiff, a hospital employee, complained to the Department of Business and Professional Regulation that another hospital employee was violating various Florida statutes forbidding sexual misconduct in the practice of medicine, as well as hospital policies requiring the presence of third parties during examinations. *Id.* at 754. The court reversed the grant of summary judgment in favor of the defendant hospital, holding that the plaintiff had stated *a prima facie* case under the FWA. Thus, even in spite of a company policy that forbade the conduct complained of, Florida courts are willing to hold employers liable for FWA violations when one employee complains about the conduct of another employee.

Conversely, Defendant has not identified any case that supports its argument, and the cases it has cited are inapposite. For instance, in *Sussan*, 723 So.2d at 934, the court affirmed the grant of summary judgment for an employer under the FWA. However, the facts *of Sussan* are distinguishable from those of the instant case. In *Sussan*, the plaintiff accused other employees of stealing from the company, which the plaintiff admitted was not within the scope of their employment. *Id.* Thus,

---

1. Although not specifically articulated, Defendants obliquely reference the argument that it may not have violated TSA regulations, because there is a 24–hour period within which airlines may "cure" this violation. However, not only is that assertion unsupported by any record evidence, it is belied by the language of the regulation. *See* 19 C.F.R. 122.75a(b)(2)

(requiring the transmission of the flight manifest "no later than the securing of the aircraft.") *and* 19 C.F.R. 122.49a(a) (defining "securing the aircraft" as "the moment the aircraft's doors are closed"). Defendants do not dispute that the flight manifest was not transmitted before the doors were closed.

*Sussan* merely stands for the proposition that stealing *from your employer* cannot be deemed an act of the employer. Thus, it has no application to the instant case. Similarly, *Ruiz v. Aerorep Group Corp.,* 941 So.2d 505 (Fla. 3d DCA 2006), is also distinguishable because it involved an employee committing an intentional battery against the plaintiff, which was not committed within the course and scope of employment and with the purpose of benefitting the interests of the employer. *Id.* at 507 ("Although an employer may be responsible for the actions of an employee under certain circumstances, those circumstances have not been alleged in the instant case."). Defendant's other cited cases are unreported and suffer from the same flaw. *See McIntyre v. Delhaize Am., Inc.,* 2009 WL 1039557 (M.D.Fla.2009) (employee's conduct of stealing narcotics from a pharmacy was outside legitimate scope of employment); *Kelleher v. Pall Aeropower Corp.,* 2001 WL 485119, *6–7 (M.D.Fla.2001) (employee's threats and harassment occurred outside the workplace, were unrelated to employment, and were therefore outside legitimate scope of employment); *Douberley v. Burger King Corp.,* 2007 WL 1175757 (M.D.Fla.2007) (sexual harassment outside legitimate scope of employment).

Additionally, these cases are not applicable for another reason. Pursuant to the statute, the activity complained of must be in violation of a "law, rule, or regulation," which is defined as "any statute or ordinance or any rule or regulation adopted pursuant to any federal, state, or local statute or ordinance *applicable to the employer and pertaining to the business.*" Fla. Stat. §§ 448.101–102 (emphasis added). The last phrase of the definition indicates that the conduct complained of must be in violation of a law, rule or regulation that is somehow more specifically applicable to the business, as opposed to the public at large. The TSA regulations at issue in the instant case, for example, are specifically applicable to airlines. On other hand, laws against theft, battery, threats, and sexual harassment are generally applicable laws. Thus, an employee could not state a claim under the FWA for reporting that type of behavior.

■■ Although concluding that Plaintiff has objected to an illegal activity of an employer would normally end the inquiry in Plaintiff's favor, the Court, following the analytical framework set forth in *Sussan* and *McIntyre,* will now determine whether Plaintiff has objected to illegal activity of anyone acting within the legitimate scope of their employment. The Court concludes that she has. "Under Florida law, an employee acts; within the scope of his employment 'if his act is of the kind he is employed to perform, it occurs substantially within the time and space limits of employment and it is activated at least in part by a purpose to serve the master.'" *Nadler v. Mann,* 951 F.2d 301, 305 (11th Cir.1992) (quoting *Kane Furniture Corp. v. Miranda,* 506 So.2d 1061, 1067 (Fla. 2d DCA 1987)). The undisputed facts demonstrate that Ms. Jones's act of checking in a passenger was an act she was hired to perform, it occurred at work and during work hours, and it was motivated by a purpose to serve her employer. Thus, for the additional reason that Plaintiff objected to an illegal activity of an employee acting within the legitimate scope of her employment, Plaintiff has stated a *prima facie* claim under the FWA.

## IV. Conclusion

Accordingly, after careful consideration and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED,** and **DECREED** that:

1. Judge Ted E. Bandstra's Report and Recommendation (DE # 63) is hereby **REJECTED.**

2. Plaintiff's Motion for Summary Judgment as to Liability (DE # 33) is hereby **GRANTED.**

3. Defendant's Motion for Summary Judgment as to Liability (DE # 42) is hereby **DENIED.**

4. A new Scheduling Order on the issue of damages will be set by separate Order of this Court.

## REPORT AND RECOMMENDATION

TED E. BANDSTRA, United States Magistrate Judge.

THIS CAUSE came before the Court on (1) Plaintiff's Motion for Partial Summary Judgment as to Liability (D.E. 33) filed, on April 27, 2009; and (2) Defendant's Cross–Motion for Summary Judgment (D.E. 42) filed on May 27, 2009. On May 28, 2009, these motion were referred to United States Magistrate Judge Ted E. Bandstra by the Honorable James Lawrence King for report and recommendation pursuant to 28 U.S.C. § 636(b). Accordingly, the undersigned conducted a hearing on these cross-motions for summary judgment on July 2, 2009. Having considered these motions, all responses and replies thereto, the evidence of record, oral argument of counsel and applicable law, the undersigned respectfully recommends:

(1) that Plaintiff's Motion for Partial Summary Judgment as to Liability be DENIED; and

(2) that Defendant's Cross–Motion for Summary Judgment be GRANTED.

## BACKGROUND

On or about September 5, 2008, Deborah Pinder ("plaintiff"), commenced this action in the Eleventh Judicial Circuit Court of the State of Florida, in and for Miami–Dade County, seeking damages and other relief against Bahamasair Holdings Limited, Inc. ("Bahamasair" or "defendant") arising out of her alleged unlawful and retaliatory termination in violation of the Florida Whistleblower Act, Fla.Stat. §§ 448.102, et seq.[1] Plaintiff, an employee of Bahamasair for approximately 25 years, alleges that she was terminated in retaliation for objecting to Bahamasair's routine violations of federal airline regulations including the Airline Passenger Information System ("APIS"). Specifically, plaintiff alleges that on April 16, 2008, she sent a letter entitled "Incident Report of APIS Breach" to Ms. Glenda Pletcher, Miami Station Manager, advising her of an incident that occurred the previous day on Bahamasair Flight 230 wherein a passenger had been incorrectly checked in using a different name and passport by another manager. Plaintiff acknowledges that the issue was corrected, but only after the flight was secured and permitted to disembark without an accurate passenger manifest in violation of APIS. Cpt., ¶ 11. Plaintiff copied the letter to John Devine, a Transportation Safety Administration ("TSA") officer. Cpt., ¶ 12. On May 13, 2008, plaintiff was informed via letter from Bahamasair that she was being terminated because she copied the letter to TSA and that her motive in so doing was to harm the company. Cpt., ¶ 14.

Based on the foregoing allegations and other alleged wrongdoing on the part of Bahamasair, plaintiff alleges that Bahamasair violated the Florida Whistleblower Act by terminating her employment in retaliation for objecting, in writing, to her employer's violation of federal law and regulations. Cpt., ¶¶ 21–25.

On November 7, 2008, Bahamasair filed its Answer and Affirmative Defenses, es-

---

**1.** On September 15, 2008, defendant removed this action to this Court pursuant to 28 U.S.C. § 1441(d) on the basis that it is a foreign state as defined in 28 U.S.C. § 1603(a) and (b) in that it is an agency or instrumentality of the government of The Bahamas.

sentially denying plaintiffs allegations and raising certain affirmative defenses.

On April 27, 2009, plaintiff filed the instant Motion for Partial Summary Judgment as to Liability arguing that there are no genuine issues of material fact and that she is entitled to judgment as to liability as a matter of law. Specifically, plaintiff argues that the undisputed evidence of record establishes that Bahamasair violated Florida's Whistleblower Act when it terminated her employment for objecting in her letter to Bahamasair's repeated violation of the APIS Regulations.

On May 27, 2009, Bahamasair filed its Cross–Motion for Summary Judgment in its favor, arguing that it is entitled to summary judgment based on plaintiff's deposition testimony which demonstrates that plaintiff's letter does not qualify as protected activity under the Whistleblower Act. Bahamasair further argues that summary judgment is appropriate in its favor because plaintiff's letter does not constitute an objection to an activity, policy or practice of her employer. In addition, Bahamasair opposes plaintiffs motion for summary judgment based on the letter, deposition testimony and other evidence in the record giving rise to the issues addressed below.

### STANDARD OF REVIEW

The court in reviewing a motion for summary judgment is guided by the standards set forth in Rule 56(c) of the Federal Rules of Civil Procedure which provides as follows:

> .... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. ...

The moving party bears the burden of meeting this exacting standard. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Further, in addressing whether the moving party has satisfied this burden, the court is required to view the evidence and all factual inferences arising therefrom in the light most favorable to the nonmoving party, *Clemons v. Dougherty County, Ga.*, 684 F.2d 1365, 1368 (11th Cir.1982), *citing Adickes v. S.H. Kress & Co.*, 398 U.S. at 157, 90 S.Ct. at 1608; *Augusta Iron & Steel Works v. Employers Insurance of Wausau*, 835 F.2d 855, 856 (11th Cir.1988). If the record presents issues of material fact the court must deny the motion. *Adickes v. S.H. Kress & Co.*, 398 U.S. at 157, 90 S.Ct. at 1608. The non-moving party, however, cannot rest upon mere allegations, but must rebut any facts properly presented by the moving party through affidavits or other evidence demonstrating the existence of a genuine and material issue of fact for trial. *Id.* at 398 U.S. at 155, 90 S.Ct. at 1607. Moreover, summary judgment is mandated if the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

If the moving party does not bear the burden of proof at trial, it satisfies its initial burden on summary judgment by either of two methods: (1) by producing affirmative evidence negating a material fact that is necessary to the non-movant's case, thus demonstrating that the non-moving party will be unable to prove its case at trial, or (2) by affirmatively showing the absence of evidence in the record to prove a fact necessary to the non-movant's case, and thus to support a judgment for the moving party on the issue in ques-

tion. *Fitzpatrick v. City of Atlanta,* 2 F.3d 1112, 1115–16 (11th Cir.1993). If the moving party uses the first method, the non-moving party "must respond with evidence sufficient to withstand a directed verdict motion at trial on the material fact sought to negated." *Id.* at 1116. If the second method is used, the non-moving party may either demonstrate that the record contains evidence that was "overlooked or ignored" by the movant, or by "com[ing] forward with additional evidence sufficient to withstand a directed verdict at trial based on the alleged evidentiary deficiency." *Id.*

While the burden on the movant is great, the non-moving party has a duty to present affirmative evidence in order to defeat a properly supported motion for summary judgment. *Anderson,* 477 U.S. at 252, 106 S.Ct. 2505. A mere "scintilla" of evidence in favor of the nonmoving party, or evidence that is "merely colorable" or "not significantly probative" is not enough. *Id.*; *see also Mayfield v. Patterson Pump Co.,* 101 F.3d 1371, 1376 (11th Cir.1996) (conclusory allegations and conjecture cannot be the basis for denying summary judgment). The non-movant may not rest on mere allegations at this point, but must set forth evidence of specific facts. *Lewis v. Casey,* 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

## *STATEMENT OF FACTS*[2]

1. Plaintiff was an employee of Bahamasair for approximately twenty-five (25) years. *See* Fowler Depo., pg. 76 (D.E. 33, Exh. A).

2. Plaintiff's last position at Bahamasair was as a Customer Service Supervisor. *See* Fowler Depo., pgs. 15–16 (D.E.33, Exh. A.)

3. On April 16, 2008, plaintiff sent a letter entitled "Incident Report of APIS Breach" to Ms. Glenda Pletcher, Miami Station Manager, advising her of an incident that occurred the previous day on Bahamasair Flight 230 concerning a passenger who had been incorrectly checked in using a different name and passport by another manager. *See* D.E. 33, Exh. 4.

4. Plaintiff copied the letter to John Devine, a Transportation Safety Administration ("TSA") officer. *Id.*

5. Plaintiff was terminated from Bahamasair on May 13, 2008 for copying the April 16th letter to TSA. Bahamasair believed plaintiff's motive in copying the letter to TSA was malicious and intended to harm the company. *See* D.E. 33, Exh. 5.

6. Bahamasair is governed by, and required to follow, federal air safety laws and regulations. Among these regulations are those implementing the Airline Passenger Information System ("APIS"). *See* 19 C.F.R. §§ 122.71 *et seq.*

7. APIS regulations require, *inter alia,* that airlines transmit proper and accurate passenger manifests to the appropriate government agency prior to the aircraft being secured for departure from the United States. *See* 19 C.F.R. § 122.75a(b).

## *ANALYSIS*

Plaintiff brings this action solely under the Florida Whistleblower Act, Fla. Stat. 448.102 which states:

An employer may not take any retaliatory personnel action against an employee because the employee has:

(1) Disclosed, or threatened to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the employer that

---

**2.** These factual statements are based on the affidavits, deposition transcripts, documentary evidence and other discovery materials included with or referred to by the parties in conjunction with these cross-motions for summary judgment.

is in violation of a law, rule, or regulation. However, this subsection does not apply unless the employee has, in writing, brought the activity, policy, or practice to the attention of a supervisor or the employer and has afforded the employer a reasonable opportunity to correct the activity, policy or practice.

(2) Provided information to, or testified before, any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into any alleged violation of a law, rule, or regulation by the employer.

(3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.

The Act further provides that:

An employee may not recover in any action brought pursuant to this subsection if he or she failed to notify the employer about the illegal activity, policy, or practice as required by § 448.102(1) or if the retaliatory personnel action was predicated upon a ground other than the employee's exercise of a right protected by this act. Fla.Stat § 448.103(1)(c).

The FWA was enacted "to protect private employees who report or refuse to assist employers who violate laws enacted to protect the public." *Rutledge v. Sun-Trust Bank*, 262 Fed.Appx. 956, 958 (11th Cir.2008)(quoting *Jenkins v. Golf Channel*, 714 So.2d 558, 563 (Fla. 5th DCA 1998)). The Eleventh Circuit has held that "the summary judgment analysis for a Title VII retaliation claim should be applied to a claim for retaliatory discharge under the Florida Whistleblower Act." *Rutledge v. SunTrust Bank*, 262 Fed.Appx. 956, 958 (11th Cir.2008) (*citing Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 950–51 (11th Cir.2000)). In order to establish a *prima facie* case under the FWA, plaintiff must establish: (1) that she participated in

statutorily protected expression; (2) that an adverse employment action occurred; and (3) that there was a causal link between the participation and the adverse employment action. *See Padron v. Bell-South Telecommunications*, 196 F.Supp.2d 1250 (S.D.Fla.2002), *citing Bigge v. Albertsons, Inc.*, 894 F.2d 1497, 1501 (11th Cir. 1990) (quoting *Simmons v. Camden County, Bd. of Education*, 757 F.2d 1187, 1189 (11th Cir.1985)) (quoting *Whatley v. Metropolitan Atlanta Rapid Transit Authority*, 632 F.2d 1325, 1328 (5th Cir. Unit B, 1980)). "Statutorily protected participation is established if [p]laintiff can show that she opposed an unlawful employment practice which she reasonably believed had occurred." *Padron* at 1255; *citing Wu v. Thomas*, 863 F.2d 1543, 1549 (11th Cir. 1989).

In this case, the parties agree that plaintiff's April 16th letter does not qualify as protected under subsection (1) of § 448.102 for at least two reasons. First, the letter was not under oath. *See* D.E. 33, Exh. 4; Plaintiffs Depo., pg. 94 (D.E.42, Exh. A). Second, plaintiff did not afford Bahamasair a reasonable opportunity to correct any activity, policy or practice which plaintiff believed was in violation of a law, rule or regulation. The parties also agree that the April 16th letter does not qualify as protected under subsection (2) of § 448.102 because at the time plaintiff wrote and/or mailed the letter, the TSA was not conducting an investigation into Bahamasair. The record is simply devoid of evidence establishing that plaintiff's letter falls within to the scope of Fla.Stat. §§ 448.102(1) or 448.102(2). Thus, plaintiff alleges that she engaged in statutorily protected activity solely under subsection (3) of § 448.102.

In order to establish that plaintiff engaged in statutory protected activity under subsection (3), she must show that she

objected to or refused to participate in (I) an illegal activity, policy or practice of an employer, (ii) illegal activity of anyone acting within the legitimate scope of their employment, or (iii) illegal activity of an employee that has been ratified by the employer. *See McIntyre v. Delhaize America, Inc.,* 2009 WL 1039557 (M.D.Fla.), (*citing Sussan v. Nova Southeastern University,* 723 So.2d 933, 934 (Fla. 4th DCA 1999)). Thus, a violation of law by an employee as opposed to a defendant employer is irrelevant to, and cannot support a claim under the FWA. *See Douberley v. Burger King Corp.,* 2007 WL 1175757 (M.D.Fla.2007).

Plaintiff concedes that the only activity she considers to be protected under subsection (3) is her April 16th letter entitled, "Incident Report of APIS Breach." The letter which was sent to both Bahamasair's management official and TSA, details a single incident which occurred the previous day whereby Sharon Jones, a Bahamasair manager, checked in a passenger using another individual's name and passport number. The letter goes on to state that this incorrect processing of a passenger and the resulting incorrect manifest constitutes a breach of security and an "obvious violation of U.S. federal and commercial airline procedural protocols." *See* D.E. 33, Exh. 4. Plaintiff further acknowledges in the letter that she was previously disciplined by Bahamasair under similar circumstances and urges that "the procedures and policies of this airline [be] applied uniformly." *Id.* In plaintiff's view, this letter constitutes an "objection" to Bahamasair's ongoing violations of aviation safety regulations which satisfies the first prong of § 448.102(3). *See Padron v. BellSouth Telecommunications,* 196 F.Supp.2d at 1255–56 ("The signing and sending of a letter detailing legal abuses by [an employer] satisfies this first prong.")

Plaintiff further argues and Bahamasair does not dispute that plaintiff was subjected to an adverse employment action when she was terminated on May 13, 2008. "It is undisputed that Plaintiff was fired and that termination is an 'adverse employment action.'" *Padron,* 196 F.Supp.2d at 1256. Accordingly, the undersigned finds that the second prong of plaintiff's FWA claim is satisfied.

The undersigned further finds that the third prong of plaintiff's FWA claim is also satisfied. The undisputed evidence reflects that plaintiff was terminated on May 13, 2008 solely because she sent the April 16th letter to TSA. As stated in the letter itself, "... we have decided further and more severe disciplinary action is warranted based on your sending a copy of your letter to TSA." *See* D.E. 33, Exh. 5. The finding is further supported by the testimony of John Fowler, Bahamasair's Chief Customer Service Officer and Corporate Secretary, who testified that plaintiff was fired because of Bahamasair's belief that she intended to harm the company by sending a copy of the letter to TSA. *See* Fowler Depo., pgs. 17–18 (D.E.33, Exh. A). Thus, plaintiffs termination and her April 16 letter were causally related.

Having found that plaintiff's letter satisfies the second and third prongs of proof in establishing her FWA claim, the undersigned next addresses the central issue in this case; *i.e.,* whether plaintiff's April 16th letter constitutes statutorily protected activity under § 448.102(3). As discussed above, plaintiff maintains that the letter constitutes an "objection" to Bahamasair's ongoing violations of aviation safety regulations which satisfies the first prong of § 448.102(3).

In contrast, Bahamasair argues that the letter does qualify as an objection to any illegal activity, policy, or practice of Bahamasair. Specifically, Bahamasair argues

that the letter does not qualify as an "objection" within the meaning of § 448.102(3) because the word "object" does not appear in the letter. Bahamasair further argues that plaintiff admits that she did not object to any illegal activities of Bahamasair based on plaintiff's deposition testimony wherein she responded "no" to defense counsel's question "Did you object to any illegal activity that Bahamasair, that you believe Bahamasair was committing?" *See* Plaintiff's Depo., pg. 95 (D.E. 42, Exh. A). In addition, Bahamasair argues that even if plaintiff's letter can be construed as an objection, the letter does not constitute protected activity because it does not complain of any alleged illegal activities of plaintiff's employer, but rather those of a specific employee of Bahamasair.

Reviewing these arguments, the evidence presented and applicable law, the undersigned first finds that plaintiff's April 16th letter constitutes an objection within the scope of § 448.102(3), despite the fact that the word "object" is not actually stated in the letter. Indeed, the undersigned finds Bahamasair's argument on this issue to be weak in view of the lack of any legal authority in support of this position and this Court's obligation to construe the FWA liberally in favor of plaintiff. *See Schultz v. Tampa Elec. Co.*, 704 So.2d 605, 606 (Fla. 2d DCA 1997) (courts are "required to construe the whistle blower act liberally because it is a remedial statute.") Bahamasair is wrong in suggesting that the statute requires an employee to actually utilize the word "object" in order to avail oneself of the statute's remedial protection. Liberally construing plaintiff's letter, the undersigned finds that it clearly expresses a form of disapproval sufficient to constitute an objection[3] under the statute.

Equally unavailing is Bahamasair's reliance on plaintiff's deposition testimony to support its argument that plaintiff did not object to any illegal activity. Defense counsel's question tracked the language of the statute and was clearly designed to draw an improper legal conclusion from plaintiff. Moreover, plaintiff's testimony was subsequently clarified by the submission of two errata sheets which explain that her negative response was intended to be limited to the day of the subject incident. *See* D.E. 42, Exh. N & O. Accordingly, the undersigned finds that plaintiff's letter constitutes an objection under the FWA and that plaintiff's deposition testimony alone does not invalidate plaintiff's claim under § 448.102(3).

The undersigned further finds, however, that the letter does not qualify as protected activity under the Act because plaintiff was not objecting to an activity, policy or practice of her employer, Bahamas Air. Rather, the letter complains of the activities of a Bahamasair's employee; not Bahamasair itself. In so finding, the undersigned notes that the April 16th letter is entitled "Incident Report of APIS" and details a breach in security procedures by Sharon Jones, an employee of Bahamasair. *See* D.E. 33, Exh. 4. The letter states that this incident was a "clear breach ... [of] Bahamasair security operation protocols." *Id.* The letter also acknowledges "the airlines efforts to operate within the TSA guidelines." *Id.* Plaintiff goes on to claim that there was an intentional violation by some employees to "undermine both Bahamasair and U.S. border security with impunity." *Id.* These statements demonstrate that plaintiff was not objecting to Bahamasair violations of the law or any APIS regulations. Rather, plaintiff was

---

**3.** The term object is commonly defined as "to express or feel disapproval, dislike or distaste." *See* Dictionary.com; based on the Random House Dictionary, Random House, Inc. 2009.

pointing out an alleged error or violation by a fellow employee and then urges Bahamasair to discipline such employees on a uniform basis. *Id.*

Significantly, the record also reflects that Bahamasair reprimanded or took other corrective action with respect to Ms. Jones as well as other employees who allegedly violated TSA and/or APIS regulations. *See* D.E. 33, Exh. H. Indeed, it is undisputed that the subject incident complained about by plaintiff was corrected with the submission of a revised manifest and that Ms. Jones received a discipline letter for her actions. *See* KerrTeele Depo., pgs. 74–75 (D.E. 33, Exh. B.).

In view of the foregoing evidence, the undersigned finds that the conduct for which plaintiff *complains of is that of a* Bahamasair employee and not of her employer. Plaintiff has failed to point to any activity, policy or practice of Bahamasair which supports the violations of APIS or TSA. Moreover, plaintiff has failed to demonstrate that Bahamasair's employees' illegal activities were ratified or condoned by Bahamasair. Indeed, the evidence reflects that Bahamasair took corrective action to rectify any violations.

While plaintiff argues that her April 16th letter details Bahamasair's ongoing violation of air safety and APIS regulations, the letter on its face demonstrates otherwise. Plaintiff argues that Bahamasair, like all other companies, operated through its employees and, thus, cannot shift blame to its employees who are acting within the scope of their employment. Although true, this argument does not establish that plaintiff objected to an illegal policy or practice of Bahamasair. Again, plaintiff's letter merely reports an alleged incident of an employee who allegedly violated an APIS regulation which violated Bahamasair's policy and was not condoned by this company.

In summary, the undersigned finds that plaintiff has failed to demonstrate that she objected to or refused to participate in an activity, policy, or practice of Bahamasair that violated a law, rule, or regulation. Thus, plaintiff has failed to show that she engaged in a statutorily protected activity. Accordingly, the undersigned concludes that plaintiff has failed to establish a *prima facie* under the FWA so that Bahamasair is entitled to summary judgment.

## RECOMMENDATION

For all the foregoing reasons, the undersigned recommends

(1) that Plaintiff's Motion for Partial Summary Judgment as to Liability be DENIED; and

(2) that Defendant's Cross–Motion for Summary Judgment be GRANTED.

The parties may serve and file written objections to this Report and Recommendation with the Honorable James Lawrence King, United States District Judge, within ten (10) days of receipt. *See* 28 U.S.C. sec. 636(b)(1)(c); *United States v. Warren*, 687 F.2d 347 (11th Cir.1982), *cert. denied*, 460 U.S. 1087, 103 S.Ct. 1781, 76 L.Ed.2d 351 (1983); *Hardin v. Wainwright*, 678 F.2d 589 (5th Cir. Unit B 1982); *see also Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).