[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14679
Non-Argument Calendar
_____

D.C. Docket No. 8:10-cv-02003-MSS-TGW

CARLOS RAMIREZ,

Plaintiff-Appellant,

versus

BAUSCH & LOMB, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 22, 2013)

Before HULL, MARCUS and JORDAN, Circuit Judges.

PER CURIAM:

Carlos Ramirez appeals the grant of summary judgment to Bausch & Lomb, Inc. ("B&L") in his suit brought pursuant to the Florida Whistleblower Act ("FWA"), Fla. Stat. Ann. § 448.102. In his suit, Ramirez alleged that he was fired

after reporting various violations of B&L's standard operating procedures ("SOPs") and applicable federal regulations issued by the U.S. Food and Drug Administration. Ramirez, a quality control inspector for B&L, alleged a number of different incidents that occurred from March to July 2008 as protected activity. Ramirez took leave under the Family Medical Leave Act ("FMLA") in August and returned to work on November 3, 2008. On that date, he had a meeting with his direct supervisor and a representative from human resources, in which Ramirez complained both of various perceived SOP and regulatory violations and that he had been placed on a black list for whistleblowers. On November 4, 2008, Ramirez refused to start a manufacturing line because he had not been retrained on the applicable SOPs, as he believed the SOPs and regulations required. B&L fired him for insubordination based on this incident. Ramirez sued, and the district court granted B&L's motion for summary judgment, concluding that Ramirez had not established a prima facie case of retaliation. On appeal, Ramirez argues that the district court erred by granting summary judgment to B&L because: (1) he had presented other evidence to establish a causal connection -- that he was on FMLA leave during the relevant three months -- and had not relied solely on the temporal proximity between his protected activity and his termination; (2) he had engaged in protected activity under the FWA; and (3) the district court erroneously relied on

2

an affidavit submitted by B&L's Director of Quality Assurance.  After thorough review, we vacate and remand for further consideration in light of this opinion.

We review de novo a grant of summary judgment and view the evidence in the light most favorable to the nonmoving party.  Crawford v. City of Fairburn, Ga., 482 F.3d 1305, 1308 (11th Cir. 2007).  We can affirm on any ground supported by the record.  Cuddeback v. Fla. Bd. of Educ., 381 F.3d 1230, 1235-36 (11th Cir. 2004).  Summary judgment is proper where there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Crawford, 482 F.3d at 1308; Fed.R.Civ.P. 56(a).

We apply the state's substantive law in cases involving diversity jurisdiction. Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 950 (11th Cir. 2000). Nevertheless, where there is no controlling state law, FWA claims are analyzed under the Title VII retaliation framework.  See id.  For retaliation claims based on circumstantial evidence, we apply the burden-shifting analysis established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  Brown v. Ala. Dep't of Transp., 597 F.3d 1160, 1181 (11th Cir. 2010).  Under Title VII, a plaintiff can make out a prima facie case of retaliation by showing that (1) he engaged in statutorily protected expression; (2) he suffered an adverse employment action; and (3) the adverse action was causally related to the protected expression.  Crawford

v. Carroll, 529 F.3d 961, 970 (11th Cir. 2008).[1]  Once a plaintiff establishes a

prima facie case of retaliation, the employer has an opportunity to articulate a

legitimate, non-retaliatory reason for the challenged employment action.  Id.  At

that point, the plaintiff then has the ultimate burden of establishing by a

preponderance of the evidence that the employer's proffered explanation is pretext.

Perryman, 698 F.2d at 1142.  To prove pretext, the plaintiff must show that the

employer's proffered reasons were "a coverup for a . . . discriminatory decision."

Rojas v. Florida, 285 F.3d 1339, 1342 (11th Cir. 2002) (quotation omitted).

---

[1]     The FWA provides that a form of expression is statutorily protected if an employee (1) disclosed or threatened to disclose to a governmental agency that the employer's activity, policy, or practice was "in violation of a law, rule, or regulation"; (2) provided information to a government agency investigating an alleged violation of a law, rule, or regulation by the employer; or (3) "[o]bjected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation."  Fla. Stat. Ann. § 448.102.  The FWA defines "law, rule, or regulation" as "any statute or ordinance or any rule or regulation adopted pursuant to any federal, state, or local statute or ordinance applicable to the employer and pertaining to the business."  Id. § 448.101(4).  Florida courts have determined that the following are insufficient to sustain a FWA claim: the Federal Communications Commission's ("FCC") "news distortion policy," which was based on a series of administrative opinions issued in response to complaints filed with the FCC; federal injunctions and a mandatory executive order issued by the state governor; and a letter in which the plaintiff failed to identify the relevant law, rule, or regulation in question.  New World Commc'ns of Tampa, Inc. v. Akre, 866 So.2d 1231, 1233 34 (Fla. 2d Dist. Ct. App. 2003) (FCC policy); Tyson v. Viacom, Inc., 760 So.2d 276, 277 (Fla. 4th Dist. Ct. App. 2000) (injunction); Gillyard v. Delta Heath Grp., Inc., 757 So.2d 601, 602-03 (Fla. 5th Dist. Ct. App. 2000) (mandatory evacuation order); Schultz v. Tampa Elec. Co., 704 So.2d 605, 606 (Fla. 2d Dist. Ct. App. 1997) (letter).  In contrast, Florida courts have determined that both regulations promulgated by the Occupational Safety and Health Administration ("OSHA") and Florida statutes requiring hospitals to establish various procedures can constitute a law, rule, or regulation under the FWA.  Diaz v. Impex of Doral, Inc., 7 So. 3d 591, 594-95 (Fla. 3d Dist. Ct. App. 2009) (OSHA regulations); Taylor v. Mem'l Health Sys., Inc., 770 So.2d 752, 753-54 (Fla. 5th Dist. Ct. App. 2000) (Florida statutes forbidding sexual misconduct in the practice of medicine).

Under the statute, termination is a "retaliatory personnel action."  Fla Stat. Ann. § 448.101(5).  To bring action based on a violation of this statute, the employee must notify the employer about the illegal activity, policy, or practice.  Id. §§ 448.102(1), 448.103(1)(c).

Here, the district court determined that Ramirez had not established a prima facie case of retaliation because he had not submitted evidence demonstrating a causal connection between his alleged protected activity and his termination. The district court refused to consider Ramirez's protected activity that occurred before his FMLA leave, as it believed that it could only consider protected activity within the three months preceding his termination. The district court also determined that Ramirez's refusal to start the line on November 4 was not protected activity since requiring Ramirez to start the line was not a violation of any SOP or regulation.

Thus, causation is at issue in this case. We've said that a plaintiff may be able to rely solely on the temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality, but the temporal proximity must be "very close." Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1364 (11th Cir. 2007) (citing with approval non-binding cases rejecting three- to four-month gaps between the allegedly protected activity and the alleged retaliation). Nevertheless, where a plaintiff can establish a causal connection through "other evidence tending to show causation," a delay between the allegedly protected activity and the adverse activity is not fatal. See id.; see also Wascura v. City of S. Miami, 257 F.3d 1238, 1248 (11th Cir. 2001) (emphasizing that a plaintiff had introduced "virtually no evidence of a causal connection" aside from the temporal proximity).

5

Applying the case law, we are compelled to vacate and remand the district court's decision so that the district court may perform a new causation analysis. As we see it, the district court's prima-facie causation analysis improperly failed to include all of the events proffered by Ramirez to establish a causal connection between the allegedly protected activity and his termination. For instance, the district court did not consider the November 3 meeting Ramirez attended, which occurred only one day prior to the incident that led to his termination. In that meeting, Ramirez expressed his concerns that B&L was not in compliance with various SOPs and Good Manufacturing Practices ("GMPs"), and his belief that he was on a black list for whistleblowers. The district court should have considered if these remarks constituted protected activity that was sufficiently close in time to Ramirez's termination to meet the causal connection prong.

It should also consider that even if the incidents solely within the three months prior to Ramirez's termination did not sufficiently establish a causal connection, Ramirez did not rely on temporal proximity alone to establish causation. Rather, he presented other evidence that the district court should have considered, including: (1) Ramirez's work journal and the e-mail from the manufacturing manager stating that Human Resources needed to become involved because the manager could no longer tolerate Ramirez's interruptions to the line; (2) the fact that Ramirez was on FMLA leave for the three months immediately

6

prior to his termination, (3) the multiple instances of allegedly protected activity both prior to and immediately after his return to work at B&L, and (3) his termination nearly immediately after returning to work. Indeed, because Ramirez did not rely solely on temporal proximity, the district court could have considered the allegedly protected activity that occurred before Ramirez went on FMLA leave as evidence of causality. See Thomas, 506 F.3d at 1364.

In short, the district court failed to consider relevant evidence that could support Ramirez's claim of causality. Accordingly, we vacate and remand, which will allow the district court the opportunity to determine in the first instance if Ramirez's additional evidence and the other incidents of alleged protected activity are sufficient to establish the causal connection prong.[2] Finally, we do not consider Ramirez's argument about the district court's consideration of the

---

[2] We also note that the United States Supreme Court recently has said that a plaintiff must demonstrate "but for" causation when making a Title VII retaliation claim:

> Title VII retaliation claims must be proved according to traditional principles of but-for causation . . . . This requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer.

Univ. of Tex. Southwestern Med. Ctr. v. Nassar, 133 S.Ct. 2517, 2533 (2013). However, the Court did not clarify the role of "but for" causation in a plaintiff's prima facie case. Thus, when considering the expanded group of allegedly protected activity on remand, the district court may need to consider whether Ramirez has sufficiently satisfied "but for" causation in this case. See Nassar, 133 S. Ct. at 2533. Moreover, now that the district court will consider the additional incidents of alleged protected activity (and not just events occurring within a narrow three-month window that largely was comprised of Ramirez's protected FMLA leave), it may need to determine if that activity was indeed protected.

7

affidavit because that issue has been rendered moot by our decision to vacate and remand the summary judgment order.

**VACATED AND REMANDED.**