[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12675
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 22, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-02370-CV-T-30-MSS

GABE MCINTYRE,

Plaintiff-Appellant,

versus

DELHAIZE AMERICA, INC.,
d.b.a. Sweetbay Supermarket,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 22, 2010)

Before EDMONDSON, CARNES and MARTIN, Circuit Judges.

PER CURIAM:

Gabe McIntyre filed this diversity action against his former employer Delhaize America, Inc., which does business as Sweetbay Supermarket, alleging that he was transferred and terminated in violation of the Florida Whistleblower Act, Fla. Stat. § 448.102, for complaining about various violations of pharmacy laws and rules. McIntyre, who was represented by counsel in the district court, now proceeds pro se in appealing the district court's grant of Sweetbay's motion for summary judgment.

## I.

McIntyre began working as a pharmacist for Sweetbay in October 2005. The evidence construed in the light most favorable to him is that during the eleven months he worked for Sweetbay, he reported perceived violations to the store manager, the pharmacy district manager, human resources, and the corporate office. According to McIntyre, the complaints he made were that (1) the pharmacy manager, Joy Wallace, distributed narcotics to customers without valid prescriptions and to customers McIntyre considered to be "drug-seeking," and (2) there were discrepancies between the narcotics inventory log and the inventory of drugs, which indicated that some were missing. McIntyre also complained about the way that Sweetbay is run, but he admits that because those complaints do not relate to an illegal activity, policy, or practice, they are irrelevant to this case.

2

Even construing the evidence in the light most favorable to McIntyre, he was also the subject of complaints from customers who said that he was rude, insolent, and provided poor customer service. There were complaints that he had called one female customer "Sweetheart" and had grabbed the shoulder of another. His supervisors testified that McIntyre also had performance-related problems such as insubordination and a bad attitude. McIntyre did not deny the conduct on which that testimony was based, but he contended that what he had done was not insubordination and did not reflect a bad attitude. In April of 2006, McIntyre was transferred to a new Sweetbay location. However, the customer complaints about him continued. His supervisors continued to believe that he had performance-related problems. In August of 2006 Sweetbay fired McIntyre.

McIntyre contends that he was transferred and terminated in retaliation for the violations he reported and because he would not illegally dispense narcotics. Sweetbay contends that McIntyre was transferred and terminated because of customer complaints about him and because of his bad attitude.

## II.

"We review the district court's grant of summary judgment <u>de novo</u>, reviewing all facts and reasonable inferences in the light most favorable to the nonmoving party." <u>Sierminski v. Transouth Fin. Corp.</u>, 216 F.3d 945, 949 (11th

3

Cir. 2000). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Id. (quoting Allison v. McGhan Med. Corp., 184 F.3d 1300, 1306 (11th Cir. 1999)). The party opposing the motion cannot rest upon mere allegations in his pleadings, but must set forth specific facts showing a genuine issue for trial. Eberhardt v. Waters, 901 F.2d 1578, 1580.

We liberally construe pro se pleadings. Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007). However, any arguments not raised in the district court are deemed waived and are not considered on appeal. Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004). Although we have the "inherent equitable power to supplement the record with information not reviewed by the district court, 'such authority is rarely exercised.'" Shahar v. Bowers, 120 F.3d 211, 212 (11th Cir. 1997) (en banc) (quoting Ross v. Kemp, 785 F.2d 1467, 1474 (11th Cir. 1986).

In diversity cases, we apply state substantive law. See Sierminski, 216 F.3d at 950 (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938)). McIntyre brought his claims under the Florida Whistleblower Act, which provides:

4

An employer may not take any retaliatory personnel action against an employee because the employee has:

\* \* \*

(3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.

Fla. Stat. § 448.102. These claims under the Florida Whistleblower Act are analyzed using the three-part burden shifting framework for retaliation cases under Title VII of the Civil Rights Act of 1964. See Sierminski, 216 F.3d at 950.

First, the plaintiff must establish a prima facie case by proving that "he engaged in statutorily protected activity, he suffered a materially adverse action, and there was some causal relation between the two events." Butler v. Ala. Dep't of Transp., 536 F.3d 1209, 1212–13 (11th Cir. 2008) (citing Goldsmith v. Bagby Elevator Co., 513 F.3d 1261, 1277 (11th Cir. 2008)). Statutorily protected activity under the Florida Whistleblower Act includes objections to, or refusal to participate in, illegal activities of the employer and illegal conduct by an employee that was ratified by the employer. See Sussan v. Nova Se. Univ., 723 So.2d 933, 934 (Fla. 4th DCA 1999). Second, if the plaintiff establishes a prima facie case, then the burden shifts to the defendant to articulate a legitimate reason for the employment action. See Sierminski, 216 F.3d at 950. Third, if the defendant

5

articulates a legitimate reason, then the burden shifts back to the plaintiff to show that the reason was merely a pretext.  See Id.

### III.

### A.

McIntyre wants to introduce new evidence on appeal, including a memo, the contents of an email, and other facts.  McIntyre has not established that this is one of those rare cases in which the record should be supplemented with evidence that was not presented to the district court.  See Shahar, 120 F.3d at 212.  For that reason, we will not consider any evidence outside that contained in the record on appeal.  See id.

### B.

McIntyre has failed to show the existence of a genuine issue of material fact about whether he objected to, or refused to participate in, "any activity, policy, or practice of [Sweetbay] that is in violation of a law, rule, or regulation," as required by  Fla. Stat. § 448.102.  He complained to Sweetbay that Wallace disbursed narcotics to "drug-seekers" and customers without valid prescriptions.  Florida law, however, generally leaves the determination of whether a narcotics prescription is valid up to the judgment of the dispensing pharmacist.  Fla. Stat. § 839.04(2)(a).  McIntyre failed to put forward any evidence that Wallace did not

properly exercise her judgment. Even assuming that Wallace did illegally disburse narcotics, McIntyre neither complained to Sweetbay that it was supporting the illegal disbursing of narcotics nor put forth evidence that Sweetbay supported or ratified such actions. Without either of these, McIntyre's complaint was not that Sweetbay itself had engaged in the requisite illegal activity, policy, or practice as required by the Florida Whistleblower Act. See Sussan, 723 So.2d at 934 (Fla. 4th DCA 1999).

McIntyre also contends that Sweetbay transferred and terminated him for reporting that the narcotics log indicated that certain drugs were missing. Although the evidence indicates that there were some discrepancies between the drugs in inventory and those listed on the log, there is no evidence that under-reporting narcotics inventory was an activity, policy, or practice of Sweetbay's. The evidence indicates without dispute that failing to correctly log narcotics in and out is against Sweetbay policy. Therefore, McIntyre has not created a genuine issue of material fact as to whether any violation of a "law, rule, or regulation" governing the narcotics log was an "activity, policy, or practice" of Sweetbay.

Moreover, Sweetbay presented legitimate reasons for transferring and terminating McIntyre. Customers had complained about him and he was insubordinate. In fact, at least one customer told Sweetbay that she would no

7

longer use its pharmacy because she so disliked the way McIntyre had behaved. Sweetbay contends it transferred McIntyre to give him a fresh start with new customers and new co-workers. However, because the complaints and bad attitude continued, Sweetbay fired him. Those are legitimate reasons for Sweetbay's actions.

McIntyre has provided no evidence that Sweetbay's reasons were merely a pretext. He contends that many of the complaints were unreliable because (1) some were anonymous and not placed in his personnel file, and (2) all the complaints came from disgruntled customers whose prescriptions McIntyre would not fill. He discredits his own contentions, however, by admitting that he received at least one complaint from a customer whose prescription he had filled. That customer complained after McIntyre called her "Sweetheart." Even assuming that McIntyre's contentions are true, as long as Sweetbay believed the complaints to be valid—and there is no evidence that it did not—Sweetbay's actions in transferring and terminating McIntyre would not be prohibited conduct under the Florida Whistleblower Act. See Smith v. Papp Clinic, P.A., 808 F.2d 1449, 1452–53 (11 th Cir. 1987) ("[I]f the employer fired an employee because it honestly believed that the employee had violated a company policy, even if it was mistaken in such belief, the discharge is not [pretextual]").

Viewing the evidence in the light most favorable to McIntyre, a reasonable factfinder could not conclude that McIntyre's transfer and termination violated the Florida Whistleblower Act.

**AFFIRMED.**