[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-15064

_____

D.C. Docket No. 2:11-cv-14375-KMM

MAZELLA SMITH,

Plaintiff-Appellant,

versus

CITY OF FORT PIERCE, FLORIDA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 30, 2014)

Before ANDERSON and GILMAN,[*] Circuit Judges, and JOHNSON,[**] District
Judge.

_____

[*] Honorable Ronald Lee Gilman, United States Circuit Judge for the Sixth Circuit, sitting by
designation.

[**] Honorable Inge Prytz Johnson, United States District Judge for the Northern District of
Alabama, sitting by designation.

PER CURIAM:

Mazella Smith appeals the district court's grant of summary judgment against her employment-discrimination claims. Smith worked for the City of Fort Pierce from 1989 until her termination on June 14, 2010. In 1995, Smith was promoted to Director of Administrative Services. On January 12 and February 24 of 2009, Smith gave deposition testimony in two federal discrimination cases filed by four City employees and the Department of Justice. Fort Pierce settled the lawsuit in October 2009, and Smith claims that her relationship with City Manager David Recor thereafter soured as a result of her deposition testimony, which was adverse to the city. Smith claims that between January 2010 and March 2010, Recor accused Smith of not being a team player, slammed a door in her face, blamed her for failed union negotiations, asked her whether she had thought about retirement, and glared at her during a department-head meeting.

On May 3, 2010, Smith approached Tom Perona, a city commissioner whose position was being challenged through a lawsuit. Perona claims that Smith attempted to bribe him, offering to make the lawsuit against him go away if he got rid of Recor. As a result of the lawsuit, Perona was ousted from his position and claims that Smith then told him that he should have taken the deal. Perona informed Recor of Smith's attempt to bribe him. Recor met with Smith and claims that Smith admitted to the bribe, attributing it to a lapse in judgment. Smith claims

2

that she never admitted to the bribe. Fort Pierce issued a press release stating that Smith was under investigation for an alleged bribe and had been put on administrative leave without pay. Smith sought legal representation and, on May 25, 2010, Smith's counsel notified Fort Pierce through email of the representation. Smith filed an EEOC Charge of Discrimination on June 7, 2010, and Recor terminated her employment on June 14. Following Smith's termination, Fort Pierce sent a letter to the Unemployment Compensation Appeals Office contesting Smith's entitlement to benefits, but noted that it would not appeal the decision.

Smith filed a lawsuit alleging unlawful retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3; the Civil Rights Act of 1866, 42 U.S.C. §§1981 and 1983; and the Florida Civil Rights Act of 1992, Fla. Stat. § 760.10(7). The district court granted summary judgment in favor of Fort Pierce. For the reasons discussed below, we affirm the district court's judgment.

I.    DISCUSSION

We review a district court's grant of summary judgment *de novo*, "viewing all evidence and drawing all reasonable inferences in favor of the nonmoving party." *Chapter 7 Tr. v. Gate Gourmet, Inc.*, 683 F.3d 1249, 1254 (11th Cir. 2012). Summary judgment is appropriate when no genuine dispute of material fact exists and the movant is entitled to judgment as a matter of law. *Id.*; Fed. R. Civ. P. 56(a). As the district court properly concluded, because § 1981 provides no implicit cause

3

of action, § 1983 is the exclusive federal remedy for violations of rights guaranteed by § 1981. *Bryant v. Jones*, 575 F.3d 1281, 1288 n.1 (11th Cir. 2009). Moreover, although Smith filed claims under Title VII, the FCRA, § 1981(a), and § 1983, the parties stipulated, and this court agrees, that Title VII's anti-retaliation framework applies to all of Smith's retaliation claims. *See Wilbur v. Corr. Servs. Corp.*, 393 F.3d 1192, 1195 n. 1 (11th Cir. 2004) (holding that Title VII law is applicable in construing the Florida Civil Rights Act); *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008) (analyzing plaintiff's § 1983 claims under *McDonnell-Douglas*'s burden-shifting framework). To make out a prima facie case of retaliation, Smith must establish that (1) she engaged in statutorily protected activity, (2) she suffered a materially adverse action, and (3) there exists a causal link between the two. *See Chapter 7 Tr.*, 683 F.3d at 1258 (quoting *Howard v. Walgreen Co.*, 605 F.3d 1239, 1244 (11th Cir. 2010)). If a plaintiff establishes a prima facie case, the burden shifts to the employer to proffer a legitimate, non-retaliatory reason for the adverse employment action. *Crawford*, 529 F.3d at 976. If an employer provides a legitimate non-discriminatory reason, the burden shifts to the plaintiff to show that the employer's given reason is a pretext designed to mask retaliation. *Id.*

A.    Protected Activity

Smith argues that the district court improperly found that the following acts did not constitute protected activity: (1) Smith's filing an EEOC Charge of

4

Discrimination, and (2) an email from Smith's counsel notifying Fort Pierce that Smith had retained her services. Under Title VII, an employee has engaged in protected activity if she has: (1) opposed an unlawful employment practice, or (2) "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under Title VII's retaliation provision. *EEOC v. Total Sys. Servs., Inc.*, 221 F.3d 1171, 1174 (11th Cir. 2000) (quoting 42 U.S.C. § 2000e-3(a)).

> On May 25, 2010, Cathleen Scott sent Fort Pierce an email, which stated:
>
> I wanted to let you know that I represent Mazella Smith. Please let Mr. Recor and the City Attorney to contact my office directly [sic]. The City's press release suggests that Mazella is the target of some FBI investigation, this is news to her. For a number of reasons, we feel strongly about Ms. Smith's position and her claims against the City. If your client wants to discuss resolving this, let me know.

Nothing in the email opposed Fort Pierce's allegedly unlawful employment practices. Rather, the email specifically addressed the veracity of the City's press release. Further, the email does not indicate that Smith's "claims against the City" were in any way discrimination claims. Moreover, Smith's attorney's email was in no way related to any investigation or proceeding. Smith did not file her Charge of Discrimination until June 7, 2010 and presents no evidence that she informed Fort Pierce of her intention to file a discrimination charge. Thus, the email could not have been sent in conjunction with or after Smith's EEOC Charge. Additionally, Fort Pierce settled the discrimination case in which Smith testified on October 31,

5

2009, and the email gives no indication that "claims against the City" referenced the settled case. Accordingly, because the email did not oppose any unlawful employment practice and was not sent in conjunction with or after the filing of any discrimination claims, the email did not constitute protected activity.

The district court, however, erred in determining that Smith's EEOC Charge did not constitute protected activity. Although Smith had already been placed on administrative leave at the time she filed her EEOC Charge, Recor did not terminate her employment until after she filed the Charge. Thus, Smith's EEOC Charge constituted protected activity. Nonetheless, because we find that Smith cannot establish a causal link between her filing of the EEOC Charge and any alleged adverse actions, *see infra* Part I.C, Smith still cannot make out a prima facie case of retaliation. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 960 (11th Cir. 2009) ("We may uphold a grant of summary judgment on any basis supported by the record.") (internal quotation marks omitted).

B.    Adverse Action

Materially adverse actions are those that "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Ch. 7 Tr.*, 683 F.3d at 1259 (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)). As an initial matter, glaring, slamming a door in an employee's face, inquiring into retirement plans, commenting that an employee is not a team player,

blaming an employee for failed union negotiations, or harboring concerns over an employee's dependability and trustworthiness are not actions that would dissuade a reasonable worker from making or supporting a charge of discrimination. *See Burlington*, 547 U.S. at 68 ("We speak of *material* adversity because we believe it is important to separate significant from trivial harms. Title VII, we have said, does not set forth a general civility code for the American workplace.") (citation and quotation marks omitted) (emphasis in original). Additionally, Smith's claims that Recor threatened to terminate her employment arise from the April 16, 2010 report of the Fort Pierce Citizen's Budget Advisory Committee, where the evidence suggests that Recor discussed consolidating Fort Pierce Departments. But Recor ultimately made no such consolidations. Further, the Consent Decree gave Human Resources the responsibility of disseminating Fort Pierce's revised policies and procedures. Smith Depo. p. 227. Smith testified that outside counsel was responsible for drafting Fort Pierce's revised policies and procedures. *Id.* Smith presented no evidence that she was prohibited from distributing updated policies and procedures. Thus, Smith suffered no loss of privilege to work on the Consent Decree.

Finally, no evidence suggests that Fort Pierce's post-termination challenge to Smith's unemployment benefits was unfounded or affected Smith's benefits. Thus, Fort Pierce's alleged actions, including Recor's behavior, taken together or

separately did not constitute materially adverse actions. Accordingly, the district court did not err in finding that Smith failed to establish that she suffered materially adverse employment actions.

C.    Causation

A plaintiff establishes a causal connection by showing that the relevant decision-maker was "aware of the protected conduct, and that the protected activity and the adverse actions were not wholly unrelated." *Shannon v. Bellsouth Telecomm., Inc.*, 292 F.3d 712, 716 (11th Cir. 2002) (quoting *Gupta v. Fla. Bd. of Regents*, 212 F.3d 571, 590 (11th Cir. 2000)). Yet under *University of Texas Southwest Medical Center v. Nassar*, 133 S. Ct. 2517, 2533 (2013), "Title VII retaliation claims must be proved according to traditional principles of but-for causation, not the lessened causation test stated in § 2000e-2(m). This requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or action of the employer." *Id.* In other words, a plaintiff making a Title VII retaliation claim "must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer." *Id.* at 2534. *But see Ramirez v. Bausch & Lomb, Inc.*, No. 12-14679, _F. App'x_, slip op. at 3 n.2 (11th Cir. 2013) ("However, the Court did not clarify the role of 'but for' causation in a plaintiff's prima facie case."). Thus, the plaintiff always has the burden of persuasion "to proffer evidence sufficient to permit a reasonable fact

8

finder to conclude that discriminatory animus was the 'but-for' cause of the adverse employment action." *Sims v. MVM, Inc.*, 704 F.3d 1327, 1332 (11th Cir. 2013) (reconciling "but-for" causation and the *McDonnell Douglas* framework in ADEA case, and affirming summary judgment where appellant could not establish that discriminatory animus was the but-for cause of his termination).

We have found that Smith's attorney's email did not constitute protected activity and that Recor's alleged poor behavior did not constitute materially adverse actions. Thus, we need determine only whether Recor's decision to place Smith on administrative leave, and subsequently terminate her, was caused by her giving deposition testimony in 2009 or filing the EEOC Charge in 2010. First, Smith cannot establish a causal relation between her giving deposition testimony in January and February of 2009 and her being placed on administrative leave and subsequently terminated in June of 2010. Smith simply cannot establish temporal proximity between the protected activity and the alleged adverse actions. Moreover, we find unavailing Smith's argument that the district court should have focused its proximity analysis on October 29, 2009, the date Fort Pierce's motion for summary judgment was denied. Even starting the causation clock on October 29, 2009, there were seven months between the denial of Fort Pierce's motion and Smith's administrative leave. Seven months is too long a timeframe to establish temporal proximity supporting an inference of causation.

9

Alternatively, Smith argues that the district court should have considered Recor's actions as a "series of adverse employment actions" that establish causation under *Wideman v. Wal-Mart Stores, Inc.*, 141 F.3d 1453 (11th Cir. 1998). Bet we have found that Recor's actions did not constitute materially adverse employment actions, and they, therefore, do not constitute a series of adverse actions.

Second, Smith cannot establish a causal relation between the filing of her EEOC Charge and her being placed on administrative leave and subsequently terminated. Smith had already been placed on administrative leave by the time she filed her EEOC Charge in June of 2010. Accordingly, Smith cannot establish temporal proximity or a causal inference between her filing an EEOC Charge and Recor's earlier decision to place her on administrative leave. Moreover, Smith provides no evidence that Recor knew about Smith's EEOC Charge prior to terminating her employment. And even assuming that Recor had knowledge of Smith's EEOC Charge, Smith cannot establish causation because Recor had already contemplated disciplining Smith before she filed her Charge. *See Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 272 (2001) ("Employers . . . proceeding along lines previously contemplated, though not yet definitely determined, is no evidence whatever of causality.").

10

Finally, even assuming that Smith could establish a prima facie case, the district court did not err in granting summary judgment because Smith cannot establish that her alleged protected activity was the but-for cause of Fort Pierce's alleged unlawful retaliation. Recor testified that he terminated Smith because she attempted to bribe Perona. DE 50-15, p. 19. That Smith disputes that she bribed Perona is of no consequence. Rather, the key inquiry is whether Recor took the adverse action based on a retaliatory reason. *See Nix v. Radio/Rahall Commc'ns*, 738 F.2d 1181, 1187 (11th Cir. 1984) ("The employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason."). Thus, Smith's retaliation claim still fails because she cannot establish that her alleged protected activity was the but-for cause of her termination.

II.    CONCLUSION

Accordingly, the judgment of the district court is

**AFFIRMED.**

11